**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-7108**

―――――――――

SCOTT LEWIS RENDELMAN,

                                    Plaintiff - Appellant,

          versus

SCOTT, DOC Captain, individually and in
official capacity; JOHN DOE, Maryland State
Trooper, individually and in official
capacity,

                                    Defendants - Appellees.

―――――――――

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.
(1:07-cv-01643-JFM)

―――――――――

Submitted:  November 30, 2007      Decided:  January 22, 2008

―――――――――

Before MICHAEL and SHEDD, Circuit Judges, and WILKINS, Senior
Circuit Judge.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

Scott Lewis Rendelman, Appellant Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Lewis Rendelman, a prisoner at the Maryland Correctional Institution in Hagerstown, filed a 42 U.S.C. § 1983 (2000) action alleging Defendants involuntarily took a DNA sample from him under the Maryland DNA Collection Act (hereinafter "Act"). See Md. Code Ann. § 2-501, et seq. In his complaint, Rendelman alleged that an unknown Maryland state trooper told him that if he failed to voluntarily submit a sample, "DCD [Division of Correction Directive] 20-9 authorize[d] him to collect the sample using whatever force is necessary. Under threat of force I involuntarily submitted . . . [i]f DCD 20-9 allows collection by force, it is invalid. If allowed by law, it is unconstitutional." (ER 6).

The district court dismissed the action under 28 U.S.C. § 1915(e) (2000) without service of process against the Defendants, noting that the Act was similar to Virginia's DNA collection act, citing to our opinions in Ewell v. Murray, 11 F.3d 482 (4th Cir. 1993), and Jones v. Murray, 962 F.2d 302 (4th Cir. 1992). On appeal, Rendelman argues that the district court failed to address his claim regarding the threatened use of force.

We review de novo a § 1915(e)(2)(B) dismissal. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (according de novo review to § 1915(e)(2)(B)(ii) dismissal for failure to state a claim). Allegations in the complaint are to be liberally construed, and a court should not dismiss a claim for failure to

- 2 -

state a claim "'unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'"  Id. (quoting Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)).

We note that neither the Ewell nor Jones opinions discussed any use of force to obtain a DNA sample.  Rather, both cases focused on punishments meted out for refusing to provide a sample, but did not discuss the forcible extraction of a DNA sample.  Ewell v. Murray, 11 F.3d at 486-88; Jones v. Murray, 962 F.2d at 303.  Here, despite the district court's statements to the contrary,* it is not clear what steps the Defendants would have taken to forcibly extract a sample from Rendelman.  Maryland's decision to use force to extract DNA from prisoners distinguishes the Act from the Virginia cases relied upon by the district court to summarily dismiss the action.  Thus, we vacate and remand the case to the district court to further address this issue, noting that service of process against Defendants, and an answer to the complaint, would assist in clarifying the record.

---

*The district court stated that it had attached DCD 20-9 to its opinion.  We can find no such attachment in the record, however.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>